Filed 10/28/15  Conservatorship of Karen T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of KAREN T. | C077259 |
| BUTTE COUNTY PUBLIC GUARDIAN, as Conservator, etc., | (Super. Ct. No. PR39794) |
| Petitioner and Respondent, | |
| v. | |
| KAREN T., | |
| Objector and Appellant. | |

Karen T. challenges the reappointment of a conservatorship under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.; hereafter LPS Act),[1] contending the evidence was insufficient to support the trial court's finding she was gravely disabled and

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

the imposition of special disabilities.  Because the one-year LPS Act conservatorship has terminated by operation of law, we dismiss the appeal as moot.

BACKGROUND

Karen was diagnosed with paranoid schizophrenia or schizoaffective disorder.  In February 2011, she agreed to be placed in a LPS Act conservatorship under section 5350.  The trial court reappointed the conservator in March 2012 and again in April 2013.  The county sought reappointment of the conservator for a fourth time in April 2014.  Following a contested trial on July 28, 2014, the trial court found Karen was gravely disabled and again placed her in conservatorship.  The trial court also imposed special disabilities, restricting Karen from:  having a driver's license; entering contracts; refusing medical treatment related to her grave disability; and possessing a firearm.

Karen filed a notice of appeal on August 22, 2014.  The case was fully briefed on June 22, 2015.  On July 28, 2015, the conservatorship terminated by operation of law.  We requested supplemental briefing on whether Karen's appeal has been rendered moot.

DISCUSSION

An appellate court decides only actual controversies and, thus, will not render opinions on moot questions that cannot affect the matter on appeal.  (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 226-227; *Frias v. Superior Court* (1975) 51 Cal.App.3d 919, 923.)  Accordingly, if events subsequent to the judgment or order appealed from prevent the appellate court from granting any effectual relief, and the appeal does not raise any issue of continuing public interest likely to recur, the court must dismiss the appeal as moot.  (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; *In re Robert A.* (1992) 4 Cal.App.4th 174, 181-182.)

Under the LPS Act, "a conservator . . . may be appointed for a person who is gravely disabled as a result of a mental health disorder . . . ."  (§ 5350.)  A person is "gravely disabled" if he or she, "as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter."  (§ 5008, subd.

2

(h)(1)(A).) A LPS Act conservatorship "automatically terminate[s] one year after the appointment of the conservator . . . ." (§ 5361.) While this appeal was pending, the conservatorship terminated by operation of law.

Karen contends her appeal is not moot, because of the recognized stigma of wrongful commitment and the collateral consequences, which continue after commitment. Karen has not identified any stigma or collateral consequences specific to this commitment, as opposed to the three conservatorships that preceded it. The reestablishment of a conservatorship is not a continuation of earlier proceedings, nor can the conservator rely on earlier findings to establish a subsequent conservatorship. Rather, the proceeding to reestablish a conservatorship is a new and independent proceeding at which the conservator must establish the proposed conservatee remains presently gravely disabled. (§ 5350; *Conservatorship of Roulet* (1979) 23 Cal.3d 219, 235; *Conservatorship of Deidre B*. (2010) 180 Cal.App.4th 1306, 1312.) That is, each subsequent establishment of a conservatorship is independent of any conservatorships that preceded it. Thus, as Karen acknowledges, the evidence used to establish this conservatorship would not serve as the basis for any new conservatorship.

Nor is this a case which raises any issue of continuing public interest. (See *Conservatorship of Moore* (1986) 185 Cal.App.3d 718, 725.) The substantial evidence issues Karen has raised are particular to this case. Karen observes that LPS conservatorship proceedings may often elude appellate review because the conservatorships may expire before an appeal can be decided. While this may happen in many cases, it is a byproduct of the statutory scheme crafted by the Legislature that is beyond our purview to supplant.

## DISPOSITION

The appeal is dismissed as moot.

 

_____
Blease, Acting P. J.

We concur:

_____
Hoch, J.

_____
Renner, J.

4